# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 663 | **DATE** | August 4, 2010 |
| **CASE TITLE** | Davis vs. Jung et al | | |

**DOCKET ENTRY TEXT**

Defendants' joint motion (Doc [62]) for Rule 35 examination is denied. Status hearing set for 8/18/2010 at 9:30 a.m. to stand.

■[ For further details see text below.]

Docketing to mail notices.

---

## ORDER

This case comes before the court on the motion of Defendants City of Chicago and Chicago Police Officers Jaeho Jung and Matthew Shaller ("Defendants") for a mental examination of Plaintiff Lacey Davis pursuant to Federal Rule of Civil Procedure 35. For the reasons set forth below, Defendants' motion is denied.

Davis instituted the instant action against Defendants on February 2, 2009, asserting a number of claims under federal and state law. Among Davis' other allegations, she maintains that on May 25, 2008, Defendants Jung and Shaller caused her to be falsely arrested and employed excessive force in effectuating her arrest. Defendants allege that Davis suffers from a type of paranoid mental disorder that has affected her ability to accurately recount the incident upon which her lawsuit is based. They ask that we order Davis to undergo a psychiatric examination to determine the existence, nature, and severity of Davis' alleged mental condition.

Federal Rule of Civil Procedure 35(a) provides that a court may order the mental examination of a party when the party's mental condition is in controversy and the moving party demonstrates good cause for the examination. The "good cause" and "in controversy" requirements are not satisfied "by mere conclusory allegations of the pleadings nor by mere relevance to the case[.]" *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Rather, the party seeking an examination must make an affirmative showing that "each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id*.

Defendants contend that Davis' mental condition is in controversy because her deposition testimony and treatment records indicate she currently suffers from a psychological disorder that may affect her memory of the incident at issue. Defendants offer only conclusory statements to substantiate the connection between Davis' present psychological condition and her ability to accurately recall the details of her encounter with the Defendant Officers. Speculation as to the effect of Davis' disorder on her recall capabilities does not constitute

an affirmative showing that Davis' mental condition is genuinely in controversy. *See id.* at 118 ("mere relevance" and conclusory statements insufficient to establish Rule 35 requirements). Because Defendants have not satisfied the "in controversy" requirement of Fed. R. Civ. P. 35, their motion is denied.

Dated:   August 4, 2010

_Charles P. Kocoras_
**CHARLES P. KOCORAS**
**U.S. District Court Judge**