# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | | |
|---|---|---|
| LACEY DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 C 663 |
| v. | ) | |
| | ) | |
| OFFICER J. JUNG, et. al. | ) | |
| | ) | Judge Kocoras |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Jaeho Jung, Matthew Schaller and City of Chicago by their attorneys, Thomas J. Platt, Thomas Aumann and Meera Werth, Assistants Corporation Counsel, pursuant to FRCP 50, move for judgment as a matter of law on the plaintiff's claims for (1) §1983 conspiracy or state law conspiracy; (2) malicious prosecution; and (3) punitive damages. In support of this motion, the defendants state as follows.

1. Plaintiff has failed to prove the necessary elements required to succeed on her claims for §1983 conspiracy. *See Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988). She has presented no proof of an agreement between the defendants to deprive plaintiff of her constitutional rights, that defendants acted in furtherance of that agreement, or that defendants acted pursuant to a single plan known to each of them. *See id.* at 992. Plaintiff also has failed to prove the necessary elements required to show conspiracy under Illinois law. *See Mosley v. City of Chicago*, 614 F.3d 391, 400. (7th Cir. 2010). She has provided no proof that defendants knowingly and voluntarily participated in a common scheme to commit battery, or to maliciously prosecute plaintiff. *See id.* at 400

2. Plaintiff has failed to prove her claim for malicious prosecution under Illinois law. *See Mosley v. City of Chicago*, 614 F.3d at 400. Plaintiff has failed to prove that defendants lacked probable cause to believe plaintiff committed aggravated battery to the defendants. She also has failed to prove the defendants instituted the criminal proceedings against with malice. *See Johnson v. Target Stores, Inc.*, 341 IllApp.3d 56,71, 791 N.E.2d 1206, 1219 (1st Dist.2003).

3. Plaintiff has presented insufficient facts to prove punitive damages as a matter of law by failing to prove that the defendants' conduct was malicious or in reckless disregard of plaintiff's rights or safely. *See* Seventh Circuit Pattern Jury Instruction 7.24.

Wherefore, defendants requests this court to enter judgment in their favor on plaintiff's claims of § 1983 conspiracy, state law conspiracy, malicious prosecution, and punitive damages.

Respectfully submitted,

/s/ Thomas J. Platt
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900                        April 14, 2011
Chicago, Illinois 60602
312-744-4833