UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LACEY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 663 |
| | ) | |
| OFFICER J. JUNG, STAR NO 13387, | ) | |
| OFFICER M. V. SCHALLER, STAR | ) | |
| NO. 19188, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This case comes before the Court on the bill of costs of Defendants City of Chicago and Chicago Police Officers J. Jung and M. Schaller (collectively, "Defendants"). For the reasons stated below, this Court awards costs in the amount of $6,673.06 to Defendants.

### BACKGROUND

On February 2, 2009, Plaintiff Lacey Davis ("Plaintiff") filed suit against Defendants, alleging claims under 42 U.S.C. § 1983 and various state laws. On April 15, 2011, a jury returned a verdict in favor of Defendants and against Plaintiff on all claims. On May 13, 2011, Defendants filed a bill of costs, seeking to recover a total of $7,830.56. Specifically, Defendants sought to recover:

- $24.00 for exemplification and copies of papers;

- $647.00 for subpoena service fees;

- $2,558.50 for deposition costs;
- $1,440.00 for transcripts from Plaintiff's criminal proceeding in the Circuit Court of Cook County;
- $1,261.82 for copies of various records; and
- $1,899.24 for other costs, including demonstrative exhibits, a dry erase board, marker, and eraser, and an audio recording.

On May 31, 2011, Plaintiff filed an objection. Defendants' bill of costs and Plaintiff's objection are currently before this Court.

## LEGAL STANDARD

A prevailing party may recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the prevailing party may recover: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed exerts and interpreters.

## DISCUSSION

Plaintiff objects to Defendants' recovery of the following: (1) a $10 check writing fee (per check) associated with the service of process of five witnesses; (2) half of the costs of the criminal court transcripts; (3) the cost of the dry erase board, marker, and eraser; and (4) the cost of the demonstrative exhibits.

First, Plaintiff objects to the $10 check writing fee (per check) associated with the service of process of five witnesses. Defendants now agree to bear the check writing fees, so the total subpoena service fees are reduced by $50.00 to $597.00.

Second, Plaintiff objects to half of the costs of the criminal court transcripts, stating that the parties agreed to evenly share the costs. Plaintiff also claims that she paid her share of the costs. In her objection, Plaintiff stated that she would provide a copy of the check to the Court, but has failed to do so. Defendants acknowledge that the parties agreed to evenly share the costs and claim that Plaintiff only paid $273.00. Since both parties agree that Plaintiff paid at least $273.00 for the transcripts, the Court will reduce the total cost of the transcripts by half (pursuant to the parties' agreement to share the costs) and then further reduce the costs by $273.00. Accordingly, this Court reduces the transcript costs to $447.00 ($1,440.00 divided by two and minus $273.00).

Third, Plaintiff objects to the cost of the dry erase board, marker, and eraser. Defendants agree to withdraw this request from their bill of costs. Accordingly, this Court reduces the costs for other items by $114.50 to $1,784.74.

Finally, Plaintiff objects to the cost of the demonstrative exhibits, which consisted of seven enlarged photos. Plaintiff does not contest Defendants' need to present the enlarged photos at trial; rather, Plaintiff argues that Defendants paid an unreasonably high amount for the enlargements. With a discount, each enlargement

cost Defendants approximately $240.00. Plaintiff contends she obtained similar enlargements for $129.99. The prevailing party may recover the cost of preparing demonstrative exhibits, such as an enlarged photo, if the exhibit was "necessarily obtained for use in the case." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000) (quoting 42 U.S.C. § 1920(4)). Here, Plaintiff does not dispute that the enlarged photos were necessary, as they vividly displayed key information to the jury, including the precise location of the disputed events, the injury Plaintiff caused to Officer Jung, and Plaintiff's appearance shortly after her arrest. Indeed, Plaintiff's counsel understood the utility of the enlarged photos as he used Defendants' exhibits multiple times during the trial. Even though Defendants paid more than Plaintiff for the enlarged photos, Defendants are entitled to recover the costs paid since the exhibits were necessarily obtained for use in the case.[1] Moreover, other courts have awarded similar costs for enlarged photos. *See, e.g., Serwatka v. City of Chi.*, No. 08 C 5616, 2011 WL 2038725, at *2 (N.D. Ill. May 24, 2011) (awarding approximately $244.00 for each enlarged photo); *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *7 (N.D. Ill. June 16, 2006) (awarding $260.00 for each enlarged photo of a certain size).

---

[1] While Defendants include their request for the costs of the enlarged photos in a category titled "Other Costs," Defendants may recover the costs as fees for exemplification under Section 1920(4). *See Serwatka v. City of Chi.*, No. 08 C 5616, 2011 WL 2038725, at *2 (N.D. Ill. May 24, 2011).

## CONCLUSION

For the foregoing reasons, this Court awards costs in the amount of $6,673.06 to Defendants.

_____
Charles P. Kocoras
United States District Judge

Dated:   June 21, 2011